UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER RIESKE, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | |
| -against- | COLLECTIVE AND CLASS ACTION COMPLAINT |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO, | Jury Trial Demanded |
| Defendant. | |

## **COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, ALEXANDER RIESKE ("Plaintiff"), on behalf of himself and all other similarly situated employees, brings this lawsuit against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law, Art. 6 §§ 190 *et seq.*, and Art. 19, §§ 650 *et seq.* Plaintiff alleges as follows:

## **INTRODUCTION**

1.      Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), individually and on behalf of all other persons similarly situated who suffered damages as a result of Defendant's violations of the FLSA (hereinafter "putative Collective Members").

2.      Plaintiff also brings this lawsuit as a class action pursuant to the New York Labor Law, Art. 6 §§ 190 *et seq.*, and Art. 19, §§ 650 *et seq.* ("NYLL"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendant's violations of the NYLL (hereinafter "putative Class Members").

3.      Plaintiff is a non-exempt, hourly employee who works for GEICO as an Auto Claim and/or Damage Adjuster in New York. In this role, Plaintiff investigates insurance claims to ascertain the extent of any liability on behalf of GEICO, who furnishes car insurance.

4.      Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendant who work or worked as Auto Claim and/or Damage Adjusters, including comparable roles with different titles (collectively "Adjusters"), in New York.

5.      As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and the NYLL by failing to pay Plaintiff and Collective and Class Members for all of their overtime hours worked based upon its unlawful policies and practices.

6.      Plaintiff and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. Specifically, Plaintiff and putative Collective and Class Members must complete a certain number of claims or inspections per day (their "required quota"), and pressure from GEICO to meet these quotas within allotted paid hours per day often causes Plaintiff and putative Collective and Class Members to start working while off-the-clock before they are scheduled to begin their workday and after they are scheduled to end their shift, and during unpaid meal breaks.  Failure to meet the quotas within the allotted hours in a day results in negative implications for the performance metrics of Plaintiff and putative Collective and Class Members, including compensation ramifications and/or disciplinary action. Plaintiff and putative Collective and Class Members are also required to work off-the-clock to attend meetings outside of their scheduled shifts and without pay.

## THE PARTIES

*Plaintiff*

7.      Plaintiff RIESKE has worked for Defendant as a non-exempt, hourly paid Adjuster in Woodbury, New York since October 2013.

8.      Plaintiff's rate of pay is approximately $30.60 per hour.

9.      Plaintiff is employed as a full-time employee.  Defendant regularly schedules him to work Monday through Friday from 8:00 am to 4:30 pm.

10.     Pursuant to Defendant's policy, pattern, or practice as described above and herein, Plaintiff is not paid for approximately 5 to 7 overtime hours he works each week as an Adjuster while performing off-the-clock work in order to meet Defendant's mandatory quota in the allotted paid hours.

11.     For example, during the workweek of June 7, 2021, Plaintiff worked about 46.5 hours and was not paid for about 6.5 hours worked off-the-clock.

12.     At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL

13.     Plaintiff written consent to join this action is attached as Exhibit A.

***Defendant***

14.     Defendant GEICO is a Maryland corporation with a principal place of business in Maryland. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc. and its headquarters are located at 5260 Western Avenue, Chevy Chase Village, Maryland, 20815. Defendant does business throughout the United States, including in this State.

15.     At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

16.     At all times relevant, Defendant maintained control, oversight and direction over

Plaintiff and putative Collective and Class Members, including timekeeping, payroll and other employment practices that applied to them.

17.     Defendant applies the same employment policies, practices, and procedures to all putative Collective and Class Members.

18.     At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

20.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

21.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this District. At all times material hereto, Plaintiff and putative Collective and Class Members were/are employed by and performed or perform job duties for the Defendant within this district and within the jurisdiction and venue of this Court.

## COMMON FACTUAL ALLEGATIONS

22.     Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including New York.

23.     Plaintiff and putative Collective and Class Members are current or former Adjusters in New York. The duties of Adjusters, including Plaintiff, include but are not limited to processing

insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to access vehicle damage.

24.    As Adjusters, Plaintiff and putative Collective and Class Members are expected to meet GEICO's required quota of processing or working on at least ten claims or inspections per day and as many as thirty customer calls a day. Plaintiff are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for Plaintiff and the putative Collective and Class Members, regardless of location in New York.

25.    While working for Defendant, Plaintiff and putative Collective and Class Members are scheduled to work approximately seven and a half hours per day, five days a week, for a total of approximately 37.5 hours per week. Plaintiff and putative Collective and Class Members work these scheduled hours. However, Plaintiff and putative Collective and Class Members are regularly required by GEICO management to work additional hours beyond this scheduled time while off-the-clock and without receiving compensation. Plaintiff and putative Collective and Class Members typically work eight and a half to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by GEICO, Plaintiff and putative Collective and Class Members worked off-the-clock and without compensation during overtime hours.

26.    GEICO disincentivizes Plaintiff and putative Collective and Class Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiff and putative Collective and Class Members' productivity metrics and evaluations.

If an employee does not meet the required quota of claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

27.     In some instances, Plaintiff and putative Collective and Class Members begin the workday one hour prior to the start of their paid scheduled shifts to perform work activities which include, among other tasks, handling claims and calling customers and repair shops. This time worked is unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiff and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

28.     Plaintiff and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged into Defendant's online system and are tracked in real time. Plaintiff and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

29.     Defendant also requires Plaintiff and putative Collective and Class Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

30.     Plaintiff and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference meetings is also unpaid.

31.     In addition to claims and/or inspections quotas, Defendant utilizes a call rating system to rate call volume and efficiency in answering customer calls. As a result, Plaintiff and

putative Collective and Class Members take customer calls before, during, and after scheduled shifts and must bring their cell phones to their unpaid meal breaks as a means of keeping the call answer rate high.

32.    All of this time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal law and the NYLL, including overtime premium pay for hours worked in excess of 40 per workweek.

33.    Moreover, Defendant routinely denies timely and compliant off-duty meal periods for two primary reasons: (1) Defendant does not authorize, permit, and/or make available timely meal breaks for Plaintiff and putative Collective and Class Members; and (2) Defendant knows or has reason to know that Plaintiff and putative Collective and Class Members are too busy with work during the day to have time to take bona fide meal breaks.

34.    For example, Plaintiff and putative Collective and Class Members are allocated a 30 to 45-minute meal break to be taken at no specific time during a shift.  But, due to Defendant's required workload and quotas, Plaintiff and putative Collective and Class Members are often unable to take such breaks at all. Even when they do receive some form of meal break Plaintiff and putative Collective and Class Members are often interrupted to perform work or answer customer calls, even though they are off-the-clock in Defendant's timekeeping records. As a result, Plaintiff and putative Collective and Class Members regularly work through unpaid time that is allocated for a meal break. Defendant knows or should know about such uncompensated work performed during unpaid meal breaks.

35.    In addition, on information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took a timely and compliant meal break in order to avoid paying additional wages and penalties.

36.    When Plaintiff and putative Collective and Class Members experience interrupted meal breaks, or do not receive these breaks at all, Defendant fails to pay them the required wages for the time worked that is otherwise required to be off-duty.

37.    Defendant maintains time records for all its Adjusters throughout the United States, including in New York. However, those time records fail to accurately reflect all of Plaintiff and putative Collective and Class Members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiff and putative Collective and Class Members to work off the clock, during meal breaks, and without compensation.

38.    As a result, Defendant does not provide Plaintiff and putative Class Members with accurate wage statements as required by the NYLL. These workers receive wage statements that do not reflect all hours worked, pay for missed and "on duty" meal breaks, and applicable overtime premiums.

39.    Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class Members and throughout Defendant's operations in New York.  Defendant's unlawful conduct and pay practices stem from a corporate policy to limit labor expenses.

40.    Upon information and belief, Defendant has not inquired into whether it paid Plaintiff and putative Collective and Class Members for all time worked.

41.     Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective and Class Members in an amount to be determined at trial.  Defendant did not take requisite steps to ensure that Plaintiff and putative Collective and Class Members were paid for all time worked.  Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiff and putative Collective and Class Members did not perform work without compensation.

## FLSA COLLECTIVE ACTION FACTS

42.     The FLSA Collective is defined as follows:

> All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout the State of New York during the time period from three years prior to the filing of the complaint until resolution of this action. (referred to herein as the "putative Collective Members" or "members of the Collective").

43.     Plaintiff bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and the putative Collective Members.

44.     All of the work that Plaintiff and putative Collective Members have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and putative Collective Members have performed.

45.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and putative Collective Members. This policy and pattern or practice includes, but is not limited to:

    a.     willfully failing to pay Plaintiff and putative Collective Members overtime wages for all of the hours that they worked for Defendant in excess of 40 hours per workweek; and

    b.     willfully failing to record all of the time that its employees, including

Plaintiff and putative Collective Members, have worked for Defendant.

46.    Defendant is aware or should have been aware that federal law required them to pay Plaintiff and putative Collective Members an overtime premium for all hours worked in excess of 40 per workweek.

47.    Plaintiff and putative Collective Members all perform or performed the similar duties at all locations in the State of New York.

48.    Plaintiff and putative Collective Members all were compensated on an hourly basis.

49.    Plaintiff and putative Collective Members all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

50.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

## **NEW YORK CLASS ACTION ALLEGATIONS**

51.    Plaintiff brings the Second, Third and Fourth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure.

52.    The putative Class is defined as follows:

All current and former non-exempt classified employees of Defendant working as Auto Claim and/or Damage Adjusters (including comparable roles with different titles) throughout the State of New York during the time period from six years prior to the filing of the complaint until resolution of this action. (referred to herein as the "putative Class Members" or "members of the putative Class").

53.    Excluded from the putative Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the putative Class.

54.    Putative Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

55.    Upon information and belief, the size of the putative Class is at least 100 workers.

56.    Defendant acted or refused to act on grounds generally applicable to the putative Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Class as a whole.

57.    The Second, Third and Fourth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the putative Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

a.    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and putative Class Members;

b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.    whether Defendant failed and/or refused to pay Plaintiff and putative Class Members for all hours worked in violation of the NYLL;

d.    the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Class;

e.    whether Defendant have had a policy of failing to pay workers for time that they work;

f.    whether Defendant failed to compensate Plaintiff and putative Class Members for all work Defendant required and/or suffered or permitted them to perform;

g.    whether Defendant failed to maintain and provide accurate wage statements; and

- 11 -

        h.     whether Defendant correctly calculated and compensated Plaintiff and putative Class Members for hours worked in excess of 40 per workweek.

58.    Plaintiff's claims are typical of the claims of the putative Class sought to be represented.  Plaintiff and putative Class Members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek, and failing to maintain and provide accurate wage statements.  Defendant acted and/or refused to act on grounds generally applicable to Plaintiff and putative Class Members, thereby making injunctive and/or declaratory relief with respect to the putative Class appropriate.

59.    Plaintiff will fairly and adequately represent and protect the interests of the putative Class.  Plaintiff understands that, as class representative, one assumes a fiduciary responsibility to the putative Class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, one must represent and consider the interests of the Putative Class just as one would represent and consider one's own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Putative Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Putative Class. Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

60.    Plaintiff has retained the Shavitz Law Group, P.A. which is competent and experienced in complex class action employment litigation.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Putative Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the putative Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

62.     This action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On Behalf of Plaintiff and the putative Collective)

63.     Plaintiff realleges and incorporates by reference all preceding allegations.

64.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

65.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

66.     At all relevant times, Plaintiff and putative Collective Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

- 13 -

67.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

68.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69.     At all relevant times, Plaintiff and putative Collective Members are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70.     Defendant failed to pay Plaintiff and putative Collective Members the overtime wages to which they were entitled under the FLSA.

71.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and putative Collective Members.

72.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and putative Collective Members.

73.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

74.     As a result of Defendant's willful violations of the FLSA, Plaintiff and putative Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

75.     As a result of the unlawful acts of Defendant, Plaintiff and putative Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

- 14 -

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid \ Overtime Wages**
**(On Behalf of Plaintiff and the putative Class)**

76.    Plaintiff realleges and incorporates by reference all preceding allegations.

77.    At all times relevant, Plaintiff and the members of the Putative Class have been employees and Defendant has been an employer within the meaning of the NYLL.  Plaintiff and the members of the Putative Class are covered by the NYLL.

78.    Defendant employed Plaintiff and the members of the Putative Class as an employer in New York.

79.    Defendant failed to pay Plaintiff and the members of the Putative Class all overtime wages for all overtime hours worked to which they are entitled under the NYLL.  Defendant failed to pay Plaintiff and the members of the Putative Class for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

80.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Putative Class members.

81.    Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiff overtime wages complied with the NYLL.

82.    Due to Defendant's intentional and willful violations of the NYLL, Plaintiff and the members of the Putative Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Non-Overtime Wages**
**(Brought on behalf of Plaintiff and the putative Class)**

- 15 -

83.     Plaintiff realleges and incorporates by reference all preceding allegations.

84.     At all times relevant, Plaintiff and the NY Class Members were employees and Defendant was their employer within the meaning of the NYLL.

85.     Plaintiff and the Putative Class are covered by the NYLL.

86.     Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the Putative Class.

87.     Defendant failed to pay Plaintiff and the Putative Class non-overtime wages to which they are entitled under the NYLL Art. 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, specifically N.Y. Lab. Law § 661(3).

88.     Defendant has a policy and practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff and putative Class Members.

89.     Defendant's failure to pay non-overtime compensation to Plaintiff and the Putative Class was willful, within the meaning of N.Y. Lab. Law § 663, and intentional.

90.     Due to Defendant's violations of the NYLL, Plaintiff and putative Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**NYLL Notice and Recordkeeping Claims**
**(On Behalf of Plaintiff and the putative Class)**

91.     Plaintiff realleges and incorporates by reference all preceding allegations.

92.     NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

93.     NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

94.     12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

95.     NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

96.     12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

97.     Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3), resulting in penalties under NYLL § 198 for Plaintiff and putative Class Members and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their

right to join this lawsuit, among other things;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Pre-judgment interest and post-judgment interest as provided by law;

D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

E.      A reasonable incentive award for the Plaintiff to compensate them for the time and effort they have spent protecting the interests of other Adjusters, and the risks they have undertaken.

F.      Certification of the New York claims in this action as a class action;

G.      Designation of Plaintiff as the Class Representative;

H.      Unpaid non-overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

I.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

J.      Pre-judgment and post-judgment interest as provided by law;

K.      Appropriate statutory penalties;

L.      Attorneys' fees and costs of the action; and

M.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  New York, New York                          Respectfully submitted,

July 22, 2021

s/ Michael J. Palitz
Michael J. Palitz
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Telephone:    (800) 616-4000
Facsimile:    (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
981 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:    (561) 447-8888
Facsimile:    (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Carolyn H. Cottrell*
ccottrell@schneiderwallace.com
California Bar No. 166977
David C. Leimbach*
dleimbach@schneiderwallace.com
California Bar No. 265409
Brett D. Watson*
California Bar No. 327669
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105

Paige T. Bennett (SBN 288009)*
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026
paige.bennett@dtlawyers.com

*Attorneys for Plaintiff and the proposed*
*FLSA Collective and Class*

*to apply for admission pro hac vice

- 19 -

# Exhibit A

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Geico, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*Alexander P Rieske*
_____
Signature


Alexander P Rieske
_____
Print Name